```
            IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
LAKEISHA JOHNSON and
BALTIMORE NEIGHBORHOODS,        *
INC.,
                                *
     Plaintiffs,
                                *
          v.                             CIVIL NO.: WDQ-08-3436
                                *
COUNCIL OF CONDOMINIUM UNIT
OWNERS, et al.,
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Lakeisha Johnson and Baltimore Neighborhoods, Inc. ("BNI") sued the Council of Condominium Unit Owners ("Condo Association"), Residential Realty Group, Inc. ("Residential Realty"), and Robert Bishop for Fair Housing Act violations and tortious interference with contract.  Pending are the Plaintiffs' motion for a temporary restraining order and preliminary injunction against Bishop.  For the following reasons, the motion will be granted.

I.   Background

On September 1, 2006, Lakeisha Johnson leased 7903 Valley Manor Road, Unit E, Owings Mills, Maryland 21117 from Robert Bishop.  Am. Comp. ¶¶ 9, 11.  On August 31, 2008, Johnson's tenancy became month-to-month.  Def. Resp. at 4 n.3.  Bishop owns

1

Unit E at the Garden Condominiums.  *Id.*  Each Garden Condominium unit is individually owned; the Condo Association collectively owns the Garden Condominiums and establishes rules of conduct for the residents.  *Id.* at ¶ 6; Def. Resp. at 2.  The Condo Association contracts with Residential Realty to manage the Garden Condominiums and enforce the Condo Association's rules.  *Id.* at ¶ 7.  Neither the Condo Association nor Residential Realty is: (1) authorized to sell, rent, offer for sale, or offer to rent Garden Condominiums; or (2) involved in the sale of condominium units. Def. Resp. at 6-7.

Johnson lives in Unit E with her two, three, and five year old children.  *Id.* at ¶ 10; Hr'g Tr. at 5.  There have been at least 60 complaints[1] against her by at least five of her neighbors, and the Condo Association has held violation hearings at which Bishop and Johnson were allowed to present evidence and cross-examine witnesses.  Def. Resp. at 3, Ex. 4.  On October 1, 2008, members of the Condo Association held a meeting to complain about Johnson's children.  Pl. Mot. at 3.  On December 22, 2008, Johnson filed this suit alleging familial status discrimination.

Bishop contends that Johnson told him she intended to leave Unit E by January 1, 2009, and he planned to sell the unit.  Hr'g Tr. at 13.  On March 24, 2009, Bishop notified Johnson that he

---

[1] The complaints allege excessive noise, disorderly conditions on Johnson's porch, and unruly behavior by Johnson's children.  Def. Resp. at 3-4, Ex. 4; Hr'g tr. at 16.

2

had listed Unit E for sale, and she would be evicted, effective April 30, 2009.  *Id.* at  Ex. 1(A); Def. Resp. at 4 n.3.

The eviction notice states that Johnson breached her lease by: (1) changing the locks without Bishop's knowledge or permission; and (2) failing to pay full rent.  *Id.*  The eviction notice also cited complaints against Johnson, and noted that Bishop had been fined because of those complaints.  *Id.*  On May 6, 2009, Johnson moved for a temporary restraining order and a preliminary injunction enjoining her eviction during this suit. The Court held a motions hearing on May 14, 2009.  An eviction hearing is scheduled in state court on May 27, 2009.

II.  Analysis

Preliminary injunctions should be granted only in limited circumstances when there is a need to protect the status quo and prevent irreparable harm.  *In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 529 (4th Cir. 2003).  Determining whether to issue a preliminary injunction requires the examination of: (1) the likelihood of irreparable harm to Johnson if the injunction is denied; (2) the likelihood of harm to Bishop if the injunction is granted; (3) the likelihood that the Plaintiffs will succeed on the merits; and (4) the public interest.  *Id.* at 526.  Harm to Johnson and Bishop are the two most important factors.  *Id.*  "Only if the balance tilts decidedly in favor of the plaintiff[s] is a right to preliminary

injunctive relief warranted."  *Id.* at 816 (internal quotations omitted).

    A.   Balance of Hardships

The Plaintiffs contend that: (1) Johnson will have to change her oldest child's school if she is evicted; (2) her efforts to find new housing will be hampered by her use of a HUD Section 8 rent voucher,[2] and her hearing impairment; and (3) she cannot afford to move.  *Id.*  The Plaintiffs also argue that Johnson will suffer emotional harm, instability, and displacement if she is evicted.  Pl. Mot. at 5.

Bishop contends that if Johnson is not evicted, he will not be able to sell the unit by September 1, 2009 when his loan is due.  Hr'g Tr. at 15.  Bishop has planned to sell Unit E for several months and had to take the unit off the market when Johnson refused to move.  *Id.* at 13-18.

The balance of hardships strongly favors Johnson.[3]

---

[2] Section 8 of the National Housing Act provides rent subsidies for low income families.  42 U.S.C. § 1437f.  Because Johnson uses a Section 8 voucher to pay rent, the Baltimore County Housing Authority must inspect any apartment that Johnson wishes to rent.  Pl. Mot. at 5.

[3] *See Johnson v. U.S. Department of Agriculture*, 734 F.2d 774, 789 (11th Cir. 1984) ("possibly wrongful eviction from one's home is a serious injury" that warranted preliminary injunctive relief for homeowners who claimed that the Farmer's Home Administration's foreclosure procedures violated their due process and equal protection rights).

4

B.   Likelihood of Success on the Merits

Because the balance of hardships strongly favors Johnson and the Amended Complaint raises serious questions as to the merits,[4] the Plaintiffs' need not demonstrate a likelihood of success on the merits.  *Blackwelder*, 550 F.2d at 196 ("if [the balance of hardships] is struck in favor of plaintiff, it is enough that grave or serious questions are presented; and plaintiff need not show a likelihood of success.").

C.   The Public Interest

The public interest in fair housing will be best served by enjoining Johnson's eviction until the merits of the case are decided.  *See Oxford House-Evergreen v. City of Plainfield*,769 F.Supp. 1329, 1346-47 (D. N.J. 1991).

---

[4] The Plaintiffs claim that the Condo Association and Residential Realty violated the FHA by forcing Bishop to evict Johnson, and that Bishop's eviction of Johnson was also a violation under the FHA.  Am. Compl. ¶¶ 15-31.  The Plaintiffs contend that there is direct evidence of discriminatory intent: members of the Condo Association and Residential Realty made discriminatory statements about Johnson at the October 1, 2008 Condo Association meeting and pressured Bishop to evict Johnson because her children live with her.  *Id.*

III. Conclusion

    For the above stated reasons, the Plaintiffs' motion for a temporary restraining order and preliminary injunctive relief will be granted.  Bishop will be enjoined from evicting Johnson until the merits of the case are decided.


<u>May 15, 2009</u>                                    <u>/s/</u>
Date                                   William D. Quarles, Jr.
                                       United States District Judge